UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MIADA PARRA**, Sister and Administrator of the Estate of Esteben Parra, Deceased | Case No. 1:20-cv-01641 |
| | Judge J. Philip Calabrese |
| Plaintiff, | Magistrate Judge Thomas M. Parker |
| v. | |
| **CUYAHOGA COUNTY**, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Esteben Parra died on June 26, 2018, while in the custody of the Cuyahoga County jail. Plaintiff Miada Parra, Esteben's sister and administrator of his estate, brings this civil rights action against Defendant Kenneth Mills and twenty other Defendants. Mr. Mills moves to dismiss the claims against him in his individual capacity. (ECF No. 14.) For the reasons that follow, the Court **GRANTS** the motion as to the federal claims and **REMANDS** Plaintiff's State-law claims.

### STATEMENT OF FACTS

Taking the facts alleged in the amended complaint as true and construing them in Plaintiff's favor, as the Court must on the motion before it, Plaintiff bases her claims against Mr. Mills on the following facts.

On June 22, 2018, a police officer stopped Esteban Parra for a traffic violation. (ECF No. 1-2, ¶ 19, PageID #17.) He consented to a search of his car and was taken into custody after the officer found some cocaine. (*Id.*) At his arrest, Mr. Parra

appeared "confused, anxious, disoriented, and objectively displayed other signs and symptoms consistent with drug abuse and/or a mental health episode." (*Id.*) He was booked into the jail two hours later, exhibiting similar symptoms the whole time. (*Id.*, ¶ 20, PageID #18.) Over the next ten and a half hours, Plaintiff alleges jail staff denied Mr. Parra medical treatment even though he consistently exhibited severe signs of "intoxication by drug with delirium." (*Id.*, ¶¶ 21–23.) Eventually, Mr. Parra was transported to the emergency room on June 23, 2018. (*Id.*, ¶ 49, PageID #23.) By this time, he was suffering a cardiac arrest and died three days later on June 26, 2018. (*Id.*, ¶¶ 51–52.) He was 32 years old. (*Id.*, ¶ 1, PageID #11.)

## STATEMENT OF THE CASE

Plaintiff filed suit in State court on June 23, 2020. (ECF No. 1-2.) Plaintiff brings ten claims, six of which are raised against Mills, including: (1) Supervisory Liability under 42 U.S.C. § 1983 (Count Two); (2) Failure to Train and Supervise and for Customs, Policies, and Practices Causing Violations of the Fourth, Eighth, and/or Fourteenth Amendment under 42 U.S.C. § 1983 (Count Three); (3) Customs, Policies, and Practices Causing Violations of the Fourth, Eighth and/or Fourteenth Amendment under 42 U.S.C. § 1983 (Count Four); (4) Negligent Hiring, Training, Retention, Discipline and Supervision (Count Seven); (5) Wrongful Death (Count Nine); and (6) Survivorship (Count Ten). Plaintiff seeks compensatory and punitive damages, among other remedies. (ECF No. 1-2, PageID #54.) Mr. Mills moves to dismiss the claims brought against him in his individual capacity. (ECF No. 14.)

2

The complaint mentions Mr. Mills sparingly and solely in regard to his official capacity at the jail. Apart from the allegations in each count, the complaint names Mr. Mills in four paragraphs out of 100. The first mention of him states that he was the director of the jail at all relevant times and was responsible for reviewing in-custody deaths to ensure compliance with the jail's policies and local, State, and federal laws. (ECF No. 1-2, ¶ 6, PageID #13.) The other three paragraphs reference his alleged role in the removal of Gary Brack, another former jail administrator. (*See id.*, ¶¶ 88–90, PageID #37–38.) The individual counts mention Mr. Mills in passing among the other Defendants and do not expound factually on his personal involvement in the events alleged.

## ANALYSIS

To survive dismissal, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "states a claim for relief that is plausible, when measured against the elements" of the cause of action asserted. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Binno v. American Bar Ass'n*, 826 F.3d 338, 345–46 (6th Cir. 2016)). To meet Rule 8's pleading standard, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). To state a claim, a complaint must "raise a right to relief

above the speculative level" into the "realm of plausible liability." *Twombly*, 550 U.S. at 555.

In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to the plaintiff, accepts the factual allegations of the complaint as true, and draws all reasonable inferences in the plaintiff's favor. *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015). In reviewing a motion to dismiss, the Court distinguishes between "well-pled factual allegations," which it must treat as true, and "naked assertions," which it need not. *Iqbal*, 556 U.S. at 628. The Court will also not accept as true "[c]onclusory allegations or legal conclusions masquerading as factual allegations[.]" *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

On a motion under Rule 12(b)(6), the Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## I. Federal Claims

Mr. Mills argues the complaint fails to plead any facts showing he personally was involved in the events that led to Plaintiff's injuries and that he is entitled to qualified immunity and immunity under Chapter 2744 of the Ohio Revised Code for the alleged State law claims. (ECF No. 14-1, PageID #233.) Regarding the sufficiency of the allegations, Plaintiff directs the Court to various allegations demonstrating that the events alleged took place while Mr. Mills served as the jail's director. (ECF

4

No. 22, PageID #300–04.) Mr. Mills concedes the factual allegations regarding him "are appropriate allegations for official capacity claims," but argues they are not sufficient to state claims against him personally. (ECF No. 23, PageID #314.) The Court agrees and finds Plaintiff failed to allege a sufficient factual basis to avoid dismissal of her individual capacity claims against Mills.

**I.A. Supervisory Liability (Counts Two) and Failure to Train and Supervise (Count Three)**

Plaintiff's second cause of action asserts a supervisory liability claim against Mr. Mills and five other Defendants under 42 U.S.C. § 1983. Similarly, Count Three brings a Section 1983 claim for failure to train and supervise against Mr. Mills and several other Defendants. Both claims suffer from insufficient factual allegations regarding Mr. Mills's personal role, if any, in the alleged misconduct.

To state an individual-capacity claim against a governmental official, "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002). In contrast to a claim against a municipality, mere failure to act cannot establish individual liability. *Essex v. County of Livingston*, 518 F. App'x 351, 355 (6th Cir. 2013) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). "[A] supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016). Instead, the individual must have "encouraged the specific incident of misconduct or in some other way directly

5

participated in it." *Essex*, 518 F. App'x at 355 (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)). At the very least, the individual must have "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Phillips*, 534 F.3d at 543). To prevail on an individual supervisor liability claim under Section 1983, a plaintiff must show that "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

Taking Plaintiff's allegations as true, the Court determines that she fails to allege a set of facts permitting even an inference that Mr. Mills encouraged the specific violations alleged in this case or otherwise directly participated in them. The allegations related to Mr. Mills for Counts Two and Three are generalized and conclusory. Plaintiff merely alleges that he failed properly to train or supervise his subordinates, was aware of his subordinates' indifference toward individuals' medical needs, implemented policies or customs that led to Mr. Parra's death, or was negligent in hiring, training, and supervising his employees. (ECF No. 1-2, PageID #42–51.) In Count Two, Plaintiff conclusively alleges the "supervisory Defendants were personally involved" in the alleged constitutional violations by "directly participating in the conduct of subordinate Defendants," "[f]ailing to train their subordinates," and "[r]emaining deliberately indifferent to and consciously disregarding the rights of citizens and civilians by failing to act on information that Constitutional rights were being violated." (ECF No. 1-2, ¶ 115, PageID #42–43.)

6

Other than mentioning his position as jail director, the complaint does not allege Mr. Mills was personally involved in the allegedly unconstitutional conduct of his subordinates in the circumstances leading to Mr. Parra's death. Further, the allegations do not suggest Mr. Mills was aware of the specific incidents before they occurred or while they were occurring.

Plaintiff objects to Mr. Mills's reliance on *Gilmore v. Corrections Corp. of Am.*, 92 Fed. App'x 188, 190 (6th Cir. 2004). (ECF No. 22, PageID #302.) Mr. Mills cites *Gilmore* for the proposition that "a plaintiff's failure to properly allege personal involvement in unconstitutional conduct is grounds for dismissing a plaintiff's putative individual capacity claim." (ECF No. 14-1, PageID #239.) Plaintiff responds that her complaint stands in "stark contrast" to *Gilmore* because Plaintiff "specifically did allege that Mills knowingly and wilfully [*sic*] acquiesced in the unconstitutional conduct that led to Plaintiff's harm." (ECF No. 22, PageID #302.) But the allegations in the complaint fail to provide a factual basis or reason to believe the conclusory assertion that Mr. Mills acquiesced in the unconstitutional conduct of his subordinates. Perhaps he did, but the facts allege do not permit that inference.

Plaintiff also relies on *Peatross v. City of Memphis*, 818 F.3d 233, 243 (6th Cir. 2016), as an example of sufficient allegations against an individual official. (ECF No. 22, PageID #303.) In *Peatross*, the court affirmed denial of the individual officer's motion to dismiss a claim for failure to train and supervise. Unlike here, the plaintiff in *Peatross* alleged the officer not only failed to train and supervise subordinate officers to avoid the use of excessive force and failed to investigate allegations of

7

excessive force, but also "attempt[ed] to cover-up the unconstitutional conduct of his subordinates by exonerating the officers . . . ." *Peatross*, 818 F.3d at 243. Here, Plaintiff does not allege that Mr. Mills actively tried to cover up the specific incidents that allegedly led to Mr. Parra's death or otherwise directly or implicitly engaged in the specific misconduct alleged. Without any allegations implicating Mr. Mills in his subordinates' misconduct, Plaintiff has failed to a state a Section 1983 claim against Mr. Mills in his individual capacity.

### I.B. Claims Based on Jail Customs, Policies, and Practices (Counts Three, and Four)

Plaintiff's third and fourth causes of action raise claims against Mr. Mills and several other Defendants, including Cuyahoga County, for having "customs, policies, and practices [that] caus[ed] violations of the Fourth, Eighth and/or Fourteenth Amendment[s]." (ECF No. 1-2, PageID #43 & 46.) Local governing bodies can be sued under Section 1983 where an official policy or custom causes the alleged constitutional violation. *Johnson v. Hardin Cnty.*, 908 F.2d 1280, 1285 (6th Cir. 1990) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). Although *Monell* and its progeny provide the governing standard for these sorts of claims against governing bodies, they do not apply to individual-capacity claims. *See Monell*, 436 U.S. at 690–91; *see also Jackson v. Cuyahoga Cnty.*, No. 1:20-CV-02649, 2021 WL 2018853, at *5 (N.D. Ohio May 20, 2021) (citing *Monell*, 436 U.S. at 690–91). Accordingly, to the extent Plaintiff seeks to hold Mr. Mills individually liable under

8

*Monell* for Counts Three and Four, those claims may not proceed against him in his individual capacity.

### I.C. Qualified Immunity

Mr. Mills also argues he is entitled to qualified immunity against Plaintiff's federal claims. (ECF No. 14-1, PageID #244–45.) Because Plaintiff has not stated federal claims against Mr. Mills in his individual capacity, the Court need not address qualified immunity.

## II. State Law Claims (Counts Seven, Nine and Ten)

Plaintiff asserts various claims under State law against Mr. Mills and several other Defendants in Counts Seven, Nine, and Ten. Mr. Mills argues he is entitled to immunity pursuant to Chapter 2744 of the Ohio Revised Code. (ECF No. 14-1, PageID #250.)

The Court does not have original jurisdiction over Plaintiff's State-law claims, but may exercise supplemental jurisdiction over related claims that "form part of the same case or controversy" as any claim over which the court has original jurisdiction. 28 U.S.C. § 1367. "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 694 (6th Cir. 2017) (quoting *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)). Because the Court dismisses the federal claims against Mr. Mills in his individual capacity, it declines to exercise supplemental jurisdiction over Plaintiff's State-law claims against him.

9

28 U.S.C. § 1367(c)(3). Therefore, the Court remands the State-law claims against Mr. Mills to the Cuyahoga County Court of Common Pleas.

## III. Leave to Amend

At the conclusion of her brief, Plaintiff requests leave to amend "[i]f the Court deems any of Plaintiff's factual allegations against Mills insufficient to state a supervisory-liability claim . . . ." (ECF No. 22, PageID #310–11.) Plaintiff does not attach a proposed amendment or otherwise indicate what allegations she might seek to amend. Although Rule 15 generally directs a court to give leave to amend freely, Fed. R. Civ. P. 15(a)(2), perfunctory amendment requests at the end of a brief are inadequate. *See Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295, 305 (6th Cir. 2011); *see also Alexander v. Eagle Mfg. Co.*, 714 F. App'x 504, 511 (6th Cir. 2017) ("[A] request for leave to amend, almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is not a motion to amend.") (cleaned up). In any event, given the length of time the case has already been pending, and the failure to identify any allegations Plaintiff would seek to amend (in compliance with the Court's Civil Standing Order or otherwise), the Court declines to exercise its discretion to allow amendment, which would have the effect of rendering this decision advisory.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Kenneth Mills' motion to dismiss (ECF No. 14). The Court dismisses the federal claims asserted against Mr. Mills in his individual capacity (Counts 2–4). The Court declines to

exercise supplemental jurisdiction over the State-law claims against Mr. Mills and **REMANDS** those claims as to Mr. Mills (Counts 7, 9–10) to the Cuyahoga County Court of Common Pleas.

**SO ORDERED.**

Dated: July 8, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio